Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| El PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>DERRICK BARTOLOMEI R. BARTOLOMEI RIVERA<br>Recurridos | KLCE202300745 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso número: ISCR202200393-395<br><br>Sobre: Arts. 401 (2 cargos) y 412 de la Ley de Sustancias Controladas |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 27 de septiembre de 2023.

Comparece el peticionario, Pueblo de Puerto Rico, por conducto de la Oficina del Procurador General de Puerto Rico, y nos solicita que revoquemos la *Resolución* emitida en corte abierta el 10 de abril de 2023, y notificada por escrito el 26 de abril de 2023 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante dicho dictamen, el foro primario declaró *Con Lugar* una *Moción de Supresión de Evidencia* presentada por la parte recurrida, Derrick R. Bartolomey Rivera, en el caso criminal número ISCR202200393.

Por los fundamentos que exponemos, *expedimos* y *confirmamos* la Resolución del TPI.

**I.**

El 12 de abril de 2022, el Ministerio Público presentó varias acusaciones en contra del señor Bartolomey Rivera, por presuntos hechos ocurridos el 8 de junio de 2021. Particularmente, en contra

Número Identificador

SEN2023 _____

de éste, se presentaron cargos por infracción de los Arts. 401 (2 cargos) y 412 de la Ley de Sustancias Controladas de Puerto Rico. 24 LPRA sección 2101 et seq.

Así las cosas, el 13 de abril de 2022, se llevó a cabo el acto de lectura de acusación contra el recurrido. En atención a ello, el 10 de febrero de 2023, el recurrido presentó una *Moción de Supresión de Evidencia.* El recurrido sustentó su solicitud en que la orden de registro y allanamiento estuvo basada en una declaración estereotipada del agente Acevedo Santiago y que hubo una tardanza injustificada entre las observaciones del agente, la toma de la declaración jurada y el diligenciamiento de la orden de registro.

Oportunamente, la parte peticionaria presentó su *Oposición a la Moción de Supresión de Evidencia* el 1 de marzo de 2023. Argulló, que el testimonio del agente Acevedo Santiago no puede ser considerado como estereotipado, en la medida en que su declaración se podía corroborar por la grabación del video que éste tomó durante la vigilancia[1]. Añadió, que el término transcurrido entre la vigilancia, toma de declaración jurada y diligenciamiento de la orden de registro y allanamiento fue uno razonable. Finalmente, solicitó que la *Moción de Supresión de Evidencia* fuera denegada de plano.

Así las cosas, el TPI señaló la vista de supresión de evidencia para el 21 de marzo de 2023. Luego de celebrada la vista de supresión, el TPI declaró *Ha Lugar* la solicitud de supresión de evidencia. En su Resolución, el TPI fundamentó su determinación en que identificó contradicciones, lagunas y vaguedades en el testimonio del agente Acevedo Santiago[2], por lo que resultó inverosímil e irreal en cuanto a los motivos fundados que expresó para la expedición de la orden de registro y allanamiento. En

---

[1] Anejo XVI de la parte peticionaria.
[2] El agente Acevedo Santiago realizó la vigilancia que motivó la expedición de la orden de registro y allanamiento.

adición, el TPI expresó que los hechos observados y grabados por el agente Acevedo Santiago y presentados ante su consideración, no configuraron la causa probable necesaria para la liberación de una orden de registro y allanamiento[3].

En desacuerdo, la parte peticionaria presentó una *Solicitud de Reconsideración* el 11 de mayo del 2023. En reacción, la parte recurrida presentó su oposición el 30 de mayo de 2023. Evaluada la postura de ambas partes, el TPI declaró *No Ha Lugar* la reconsideración, mediante *Resolución* notificada el 2 de junio de 2023.

Inconforme, la parte peticionaria compareció ante *nos*, mediante el recurso de *Certiorari*, presentado el 5 de julio de 2023, y alegó la comisión de los siguientes errores:

> **El Tribunal de Primera Instancia cometió error de derecho y abusó de su crasamente de su discreción al suprimir la evidencia incautada, por entender que de la declaración jurada que dio base a la orden no hubo causa probable para emitir la orden, a pesar de que surge clara y particularmente la base razonable para registrar al señor Bartolomey Rivera y el apartamento 8048 de 8P Cluster.**

> **El Tribunal de Primera Instancia cometió un error de derecho y abusó crasamente de su discreción al revisar de novo la declaración jurada que dio base a la orden de registro y allanamiento, en contravención a nuestro ordenamiento jurídico.**

> **El Tribunal de Primera Instancia cometió un error de derecho y abusó crasamente de su discreción al catalogar el testimonio del agente como uno estereotipado, a pesar de que toda su declaración está documentada en un video de vigilancia.**

Por su parte, el recurrido presentó su alegato el 11 de septiembre de 2023. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

---

[3] Anejo XVIII, pág. 59.

**II.**

**A. El auto de Certiorari**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considera al atender una solicitud de expedición de un auto de *certiorari*. En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con

cautela y por razones de peso. *Pueblo v. Díaz de León*, supra, pág. 918.

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, supra, pág. 211. Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *Pueblo v. Rivera Santiago*, supra, pág. 581; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**B. La supresión de evidencia**

En virtud de la Cuarta Enmienda de la Constitución Federal y el Art. II, Sección 10 de la Constitución de Puerto Rico, todo ciudadano goza del derecho a protección contra registros, incautaciones y allanamientos irrazonables que puedan afectar a sus personas, casas, papeles y efectos. Dicha norma prohíbe el arresto de personas o registros o allanamientos: 1) sin previa orden judicial, 2) basada en causa probable, 3) apoyada en juramento o afirmación, 4) describiendo particularmente el lugar a registrarse, y 5) las personas a detenerse o las cosas a ocuparse. Los propósitos de la garantía constitucional contra registros y allanamientos irrazonables consisten en: "1) proveer un remedio efectivo a la víctima del registro y allanamiento irrazonables o ilegales; 2) evitar que el Gobierno se beneficie de sus propios actos ilegales; 3) preservar la integridad del tribunal y, 4) disuadir a los oficiales del

orden público a que en el futuro no repitan las acciones objeto de la impugnación." Añade el Art. II, sección 10 que evidencia ocupada en contravención a lo allí dispuesto, es inadmisible en los tribunales. Sobre el particular, la Regla 231 de Procedimiento Criminal 34 LPRA Ap. II, R. 231 dispone que no se librará orden de allanamiento o registro sino en virtud de declaración escrita, prestada ante un magistrado bajo juramento o afirmación, que exponga los hechos que sirvan de fundamento para librarla. Si de la declaración jurada y del examen del declarante el magistrado quedare convencido de que existe causa probable para el allanamiento o registro, librará la orden en la cual se nombrarán o describirán con particularidad la persona o el lugar a ser registrado y las cosas o propiedad a ocuparse. La orden expresará los fundamentos habidos para expedirla, y los nombres de las personas en cuyas declaraciones juradas se basare. Ordenará al funcionario a quien fuere dirigida registre inmediatamente a la persona o sitio que en ella se indique, en busca de la propiedad especificada, y devuelva al magistrado la orden diligenciada, junto con la propiedad ocupada. La orden dispondrá que será cumplimentada durante las horas del día, a menos que el magistrado, por razones de necesidad y urgencia, dispusiere que se cumplimente a cualquier hora del día o de la noche.

Por su parte, la Regla 234 de Procedimiento Criminal, 34 L.P.R.A. Ap. II R. 234 (1998), es el medio procesal que permite que, aun en aquellos casos en los que se ha expedido orden judicial para realizar un registró o allanamiento, la persona agraviada por éste pueda solicitar al tribunal la supresión de cualquier evidencia obtenida. Esta Regla permite la supresión de evidencia en casos en los que:

> a. la orden de allanamiento o registró fuere insuficiente de su propia faz;

b. la propiedad ocupada o la persona o sitio registrado no corresponde a la descripción hecha en la orden de allanamiento o registró.

c. no había causa probable para creer en la existencia de los fundamentos en que se basó la orden de allanamiento o registró.

d. a orden de allanamiento fue librada o cumplimentada ilegalmente;

e. **la declaración jurada que sirvió de base para la expedición de la orden fue insuficiente por la falsedad, total o parcial, de lo afirmado bajo juramento.**

Nos parece necesario señalar que, en la vista para atender la supresión de evidencia, el tribunal está facultado para aquilatar la credibilidad de los testigos que declaren en la misma, ya que ello es inherente a la función del tribunal al celebrar la vista evidenciaria para oír prueba sobre cualquier cuestión de hecho necesaria para la resolución de la solicitud. Si el tribunal está facultado para oír prueba sobre "cualquier cuestión de hecho necesaria para la resolución de la solicitud" y uno de los fundamentos para declarar con lugar la misma precisamente lo es que "lo afirmado bajo juramento en la declaración [que sirvió de base para la expedición de la orden de allanamiento] es falso, total o parcialmente", resulta obvio que el tribunal tiene el poder para adjudicar credibilidad en dicha vista. *Pueblo v. Bonilla Romero*, 120 DPR 92, 109-110 (1987).

Asimismo, es norma reiterada en nuestra jurisdicción que la apreciación de la prueba hecha por el foro de instancia merece gran deferencia por parte de un tribunal apelativo.  En ausencia de error manifiesto, pasión, prejuicio o parcialidad, los tribunales apelativos no intervendrán con la apreciación de la prueba hecha por el TPI. *Pueblo v. Maisonave Rodríguez*, 129 DPR 49 (1991); *Pueblo v. Cabán Torres*, 117 DPR 645 (1986) *Pueblo v. Bonilla Romero*, supra, a la pág.111. Esas apreciaciones de prueba que hace el foro primario

deben ser objeto de gran deferencia, pues dicho foro es el que se encuentra en la mejor posición para evaluar la credibilidad de un testigo. *Muñoz Noriega v. Muñoz Bonet*, 177 DPR 967 (2010).

En *Pueblo v. Bonilla Romero, supra,* a la pág.111, el Tribunal Supremo expresó que examinó cuidadosamente la resolución emitida por el foro primario y que allí se ofrece en detalle, las razones en apoyo de su determinación de que el testimonio del agente que declaró en la vista es indigno de crédito. Además, el Tribunal Supremo dispuso expresamente lo siguiente:

> "No puede perderse de vista que fue dicho magistrado quien tuvo ante sí los testigos y quien estuvo en mejor posición para apreciar el comportamiento de éstos mientras declararon y la forma en que lo hicieron, la naturaleza o carácter del testimonio prestado, etc. Si a ello le añadimos, repetimos, que el procurador General no impugna dicha actuación, forzoso es concluir que no tenemos fundamento alguno para intervenir con esa apreciación." Id., a las págs. 111-112.

### III.

Por estar intrínsecamente relacionados entre sí, procedemos a discutir los tres señalamientos de error de forma conjunta.

La parte peticionaria alega que incidió el TPI al suprimir la evidencia incautada por entender que, de la declaración jurada que dio base a la expedición de la orden de registro y allanamiento, no hubo causa probable.  Añade, que el TPI erró al revisar de *novo* la declaración jurada que dio base a la expedición de la orden. Por último, indica que el TPI cometió un error al catalogar el testimonio del agente Acevedo Santiago como uno estereotipado. En otras palabras, la parte peticionaria solicita que se revise la apreciación que hizo el TPI sobre la prueba que tuvo ante su consideración.

De una lectura de la *Resolución* de la cual se recurre, podemos concluir, sin duda alguna, que el TPI basó su determinación en la apreciación de la prueba desfilada en la vista de supresión de evidencia.  Particularmente, el TPI aquilató el testimonio del agente

Acevedo Santiago y los videos de las vigilancias que motivaron la orden de registro y allanamiento. En dicho ejercicio, el TPI concluyó que hubo inconsistencias, lagunas y vaguedades en el testimonio del agente y que éste no era consistente con los videos presentados.

Dicho de otro modo, el TPI no le otorgó credibilidad a la prueba desfilada en la vista de supresión de evidencia. Ante ello, debemos recordar que la Regla 234 de Procedimiento Criminal, supra, permite la supresión de evidencia en casos en los que la declaración jurada que sirvió de base para la expedición de la orden **fue insuficiente por la falsedad, total o parcial, de lo afirmado bajo juramento.** Por lo tanto, el TPI está facultado para aquilatar la credibilidad de los testigos que declaren en la misma

En consecuencia, concluimos que el TPI no abusó de su discreción al dirimir credibilidad en la vista de supresión. En ausencia de error manifiesto, pasión, prejuicio o parcialidad, no intervendremos con la apreciación de la prueba hecha por el TPI. Los errores señalados no fueron cometidos.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, *expedimos* el auto de *Certiorari* y *confirmamos* la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones